UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Michael McCoy | § | |
| v. | § | 5:21-cv-877 |
| Shellpoint Mortgage Servicing, et al. | § | |

## DEFENDANTS' DISMISSAL MOTION

Michael McCoy fails to plead minimally sufficient facts to support any claim. His complaints about credit reporting, defendants' unresponsiveness, and promises to modify his loan do not support any plausible cause of action. The court should dismiss Mr. McCoy's lawsuit.

### I.  BACKGROUND & ALLEGATIONS

**A. Mr. McCoy granted a lien against his property.**

Mr. McCoy executed a note and deed of trust promising to repay a $426,400 loan and granting a lien against 7668 E. FM 1518 N., Schertz, Texas 78154 to secure repayment of the loan. (Ex. 1 at 2-3, deed of trust; *see* doc. 1-2 at 1 (address).) NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) is the beneficiary of the deed of trust. (Ex. 2, assignment.)

**B. Mr. McCoy sued Shellpoint and James Stavropoulos for "mortgage fraud."**

On August 11, 2021, Mr. McCoy sued in Bexar County district court for "mortgage fraud." (Doc. 1-2 at 2 ("PLEADING TITLE").) Giving the petition a broad reading due a pro se, he (**1**) complains of Shellpoint's furnishing of information to credit reporting agencies (**CRAs**) (doc. 1-2 at 3), (**2**) complains of its unresponsiveness to his communications (*id.*), and (**3**) alleges Mr. Stavropoulos modified the loan (doc. 1-2 at 2 (he "confirm[ed] . . . I would be paying around 2100 a month instead [of] the 2300 I was currently paying each month"), but Shellpoint is "not honoring . . . the agreed upon mortgage rate[.]" (Doc. 1-2 at 3.) In addition to modifying the loan, he requests damages "for the harm that was cause [*sic*] to my credit." (*Id.*)

## II.     ARGUMENT & AUTHORITIES

### A.  The legal standards for this motion.

Rule 12(b)(6) authorizes dismissing a complaint failing "to state a claim upon which relief can be granted."  To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id*.  The court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).  A court may consider any documents incorporated in the pleading and matters of which judicial notice may be taken.  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).  "[A] court may permissibly refer to matters of public record."  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

### B.  Mr. McCoy's insufficient pleading does not support plausible claims.

Even applying the less stringent pleading standards due pro se plaintiffs, Mr. McCoy fails to plead sufficient facts supporting any cause of action against defendants.  He complains about Shellpoint "sending negative reporting" to the credit bureaus and seeks $30,000 for "the harm that was cause [*sic*] to my credit."  (Doc. 1-2 at 3.)  These allegations fall short of supporting a cause of action related to credit reporting, such as a claim for violation of 15 USC § 1681-s2 for failure to provide accurate information to CRAs.  *See Young v. Equifax Credit Info. Services, Inc.*, 294 F.3d 631, 640 (5th Cir. 2002) (Fair Credit Reporting Act claims fail as a matter of law

when the notice element (CRA must notify furnisher of a consumer dispute within five business days from the time the consumer notifies the CRA of a dispute) is not satisfied).

Mr. McCoy also generally complains Shellpoint was unresponsive to his request for an escrow analysis, three letters, and phone calls. (Doc. 1-2 at 3.)  These allegations also fall short of supporting any cause of action, such as a Real Estate Settlement Procedures Act (**RESPA**) claim for violation of regulation X, 12 CFR § 1024.36, which requires a claimant show actual damages resulted from a RESPA violation.  *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.") (citing 12 USC §§ 2605(e), (f)).

**C.  The statute of frauds bars any claim based on a promise to modify the loan.**

Mr. McCoy complains Mr. Stavropoulos offered him a lower mortgage rate to reduce his monthly payment and requests the court require defendants honor the agreed upon mortgage rate. (Doc. 1-2 at 2-3.)  The statute of frauds bars any claim basing on a promise to modify Mr. McCoy's loan because Mr. McCoy fails to plead the alleged promise was put in writing.  "A loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b).  When the statute of frauds applies to an agreement, an alleged agreement ancillary to it, which purports to vary or modify its terms, must also be in writing and signed by the parties to be charged to be enforceable.  *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.).  Any modification of Mr. McCoy's $426,400 loan must be in writing, but Mr. McCoy fails to plead (**1**) the alleged promise was reduced to writing, and (**2**) Shellpoint signed the writing.

**D.  Mr. McCoy fails to plead sufficient facts to support any fraud claim.**

Any fraud claim Mr. McCoy intends to assert (*see* doc. 1-2 at 2 "Mortgage Fraud") is also wholly insufficient.  *See Anderson v. HUD*, 554 F.3d 525, 528 (5th Cir. 2008) ("Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading.")  (citing *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165-66 (5th Cir. 1999)).  To establish the claim, he must show (**1**) Shellpoint made a representation to him, (**2**) the representation was material, (**3**) the representation was false, (**4**) when the representation was made, Shellpoint knew it was false or made it recklessly, as a positive assertion, without knowledge of its truth, (**5**) Shellpoint made the representation with the intention Mr. McCoy act on it, (**6**) Mr. McCoy relied upon the representation, and (**7**) the reliance caused Mr. McCoy's injury.  *See Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011).  To establish fraud against a corporation, "the required state of mind must actually exist in the individual making (or being a cause of the making of) the misrepresentation, and may not simply be imputed to that individual on general principles of agency."  *Dynegy, Inc. v. Yates*, 345 S.W.3d 516, 530 (Tex. App.—San Antonio 2011) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 366 (5th Cir. 2004)), *rev'd on other grounds*, 422 S.W.3d 638 (Tex. 2013).

Mr. McCoy fails to allege minimally sufficient facts supporting any fraud claim.  He fails to plead any facts from which to conclude any representations were made with the requisite state of mind.  He also fails to allege defendants knew their statements were false or made them recklessly, as a positive assertion, without knowledge of their truth, and defendants made the representation with the intention Mr. McCoy act on it.  *See Italian Cowboy Partners*, 341 S.W.3d at 337.  Mr. McCoy also fails to allege any facts supporting he relied upon the representation,

and the reliance injured him.  *Id*.  The statute of frauds also bars any fraud claim.  *See Hugh Symons Group, PLC v. Motorola,* Inc., 292 F.3d 466, 470 (5th Cir. 2002) (a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds) (citing *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001)); *Hua v. Wells Fargo Bank, Nat. Ass'n*, No. H–14–2427, 2014 WL 5877909, at *2 (S.D. Tex. Nov. 11, 2014) ("When tort claims have their nucleus in an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the tort claims as well.").

### III.   CONCLUSION

Mr. McCoy fails to plead minimally sufficient facts to support any claim against defendants.  The court should dismiss his lawsuit.

Dated: January 7, 2022.                                  Respectfully submitted,

 */s/ Walter McInnis*
C. Charles Townsend, SBN: 24028053
charles.townsend@akerman.com
Walter McInnis, SBN: 24046394
  --*Attorney in Charge*
walter.mcinnis@akerman.com
AKERMAN LLP
2001 Ross Ave., Ste. 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339
charles.townsend@akerman.com
walter.mcinnis@akerman.com

Monica Summers
SBN: 24083594, FBN: 1760115
monica.summers@akerman.com
AKERMAN LLP
112 East Pecan Street, Suite 2750
San Antonio, Texas 78205
Telephone: 210.582.0220
Facsimile: 210.582.0231

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify I served this document on January 7, 2022 as follows:

**VIA E-MAIL, REGULAR AND**
**CERTIFIED MAIL / RRR**
**NO. 9414 7266 9904 2124 3134 12**
Michael McCoy
7668 E FM 1518 N
Schertz, Texas 78154
epovendors@yahoo.com
*Plaintiff pro se*

                 */s/ Monica Summers*
                 Monica Summers