IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL MCCOY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-21-CV-877-FB |
| | § | |
| JAMES STAVROPOULOS, SECURE ONE | § | |
| CAPITAL CORPORATION, NEWREZ, LLC | § | |
| d/b/a SHELLPOINT MORTGAGE | § | |
| SERVICING, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on March 24, 2023 (docket #54). According to the CM/ECF system, the Report and Recommendation was mailed to the Plaintiff on March 24, 2023 (docket #55), and the return receipt acknowledgment card indicates delivery to the Plaintiff on or before April 3, 2023 (docket #56). To date, the docket sheet reflects no objections to the Report and Recommendation have been received.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

recommendations to which objection is made.").  The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Second Motion to Dismiss Plaintiff's First Amended Complaint (docket #43) should be GRANTED such that Plaintiff's contract and fraud claims should be DISMISSED WITHOUT PREJUDICE for failure to prosecute or comply with court orders, but that Plaintiff's DTPA and negligent misrepresentation claims should be DISMISSED WITH PREJUDICE as effectively time-barred from prosecution by the statute of limitations.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on March 24, 2023 (docket #54), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Second Motion to Dismiss Plaintiff's First Amended Complaint (docket #43) is GRANTED such that Plaintiff's contract and fraud claims are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or comply with court orders, but Plaintiff's DTPA and negligent misrepresentation claims are **DISMISSED WITH PREJUDICE** as effectively time-barred from prosecution by the statute of limitations.  IT IS FURTHER ORDERED that motions pending, if any, are also **DISMISSED**, and this case is **CLOSED**.

It is so ORDERED.

SIGNED this 25th day of April 25, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE